IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JERRY G. MARKADONATOS, and all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 11-C-7006 ) |
| VILLAGE OF WOODRIDGE, | ) ) |
| Defendant. | ) ) |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

On October 4, 2011, Jerry G. Markadonatos filed a class-action complaint alleging that the Village of Woodridge violated his right to procedural due process under 42 U.S.C. § 1983 by requiring him to pay, without a hearing, a $30 booking fee following his arrest for shoplifting. (Dkt. No. 1 ("Compl.").) On January 6, 2012, the court granted the Village's Motion to Dismiss the complaint because "the Village's procedures for charging the $30 fee pass constitutional muster." (Dkt. No. 26, at 7.) Subsequently, the court allowed Markadonatos to amend his complaint. (Dkt. No. 33.) Markadonatos then filed a First Amended Complaint in which he raises both procedural due process and substantive due process challenges to the Village's booking fee under § 1983. (Dkt. No. 35 ("Am. Compl.").) Pending before the court is the Village's "Motion to Dismiss Plaintiff's First Amended Complaint." (Dkt. No. 36.) For the reasons explained below, the Village's motion is granted.

BACKGROUND

The factual allegations in the First Amended Complaint are virtually identical to those in the original Complaint. Markadonatos was arrested on January 8, 2011, and charged with retail theft. (Am. Compl. ¶ 18.) He was taken to the Woodridge jail, where he was booked and required to pay a $30 booking fee under the Woodridge, Illinois, Municipal Code 5-1-12(A). (Am. Compl. ¶¶ 19-20.) Eventually Markadonatos received supervision for his retail theft charge. (*Id.* ¶ 21.) Under Illinois law, if he completes the supervision successfully, the charge will be dismissed "without adjudication of guilt." 730 Ill. Comp. Stat. 5/5-6-3.1(f). When Markadonatos was released from jail, he did not receive a refund of the booking fee. (Am. Compl. ¶¶ 22-24.) The Village's booking fee policy includes no provision for a refund regardless of the disposition of the arrestee's case. (Am. Compl. ¶ 26.)

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. The complaint must "include sufficient facts 'to state a claim for relief that is plausible on its face.'" *Cole v. Milwaukee Area Tech. College Dist.*, 634 F.3d 901, 903 (7th Cir. 2011) (quoting *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

In ruling on a Rule 12(b)(6) motion, the court "construe[s] the . . . [c]omplaint in the light most favorable to Plaintiff, accepting as true all well-pleaded facts and drawing all possible inferences in his favor." *Cole*, 634 F.3d at 903.

ANALYSIS

To state a claim for relief under § 1983, Markadonatos must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Markadonatos's First Amended Complaint claims that the Village's booking fee policy violates his constitutional rights to procedural due process and substantive due process. The court will address each in turn.

I.  Procedural Due Process

The Village first contends that the court need not even consider Markadonatos's procedural due process claim because it s foreclosed by the law of the case doctrine. The law of the case doctrine is "'not a limit on the[] power'" of district courts, but instead "'merely expresses the practice of courts generally to refuse to reopen what has been decided.'" *Monfils v. Taylor*, 165 F.3d 511, 520 (7th Cir. 1998) (quoting *Messinger v. Anderson*, 225 U.S. 436 (1912)). Because the court previously rejected Markadonatos's claim that the Village's booking fee violated his procedural due process rights, the Village contends that the court need not revisit it.

In response, Markadonatos argues that the issue before the court is different because he has added additional factual allegations to his First Amended Complaint. *See Parts and Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 231 (7th Cir. 1988) ( "As a general rule, the [law of the case] doctrine does not extend to issues not presented or decided . . . ."). In particular, Markadonatos

points to new allegations specifying that the Village does not provide any procedure either before or after the Village collects the booking fee. (*See* Am. Compl. ¶ 16 ("The policy does not provide for *any* hearing or any other opportunity for the arrestee to contest the seizure and conversion of his or her money. No such hearing is provided before the deprivation. No hearing is provided after the deprivation."); *see also id.* ¶ 20 ("At no time after Woodridge took his money was Mr. Markadonatos provided with a hearing or any other opportunity for the arrestee to contest the seizure and conversion of his money.").) The original complaint, however, included a substantially identical allegation when it alleged that "[t]he policy does not provide for a predeprivation hearing or any other opportunity for the arrestee to contest the seizure and conversion of his or her money." (Compl. ¶ 12.) The statement that the policy does not provide "any other opportunity" to contest the seizure surely includes postdeprivation procedures.

More to the point, the court decided the Village's first motion to dismiss after taking into account that there were no alleged postdeprivation procedures. When describing the process the Village used to implement the booking fee, for example, the court stated that "the administration of the fee requires Village personnel to make only a simple determination, involving no discretion, that an individual was arrested. Village personnel make that determination at the time of booking an individual into jail after an arrest, making it nearly impossible for an error to occur." (Dkt. No. 26, at 6.) The court never mentioned any postdeprivation procedures (because none were alleged), and evaluated the constitutionality of the Village's imposition of the fee as if none existed. That evaluation led to the broad conclusion that "the Village's *procedures* for charging the $30 fee pass

constitutional muster." [1] Accordingly, the court has already ruled on. Markadonatos's procedural due process claim in identical factual circumstances to those presented in his First Amended Complaint, and his claim is thus barred by the law of the case doctrine.

Even upon reconsideration of the sufficiency of Markadonatos's procedural due process claim, moreover, the claim would still fail. Markadonatos correctly states that "[t]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). It follows, Markadonatos contends, that although the *Mathews v. Eldridge* balancing test is appropriate to determine what procedures are required in a given situation, never is the absence of all procedure sufficient. Rather, notice and "some form of hearing is required before an individual is finally deprived of a property interest." *Id.* at 334. Markadonatos thus contends that his allegation, now clarified in the First Amended Complaint, that he received no hearing either before or after the deprivation of the $30 fee, is sufficient to state a claim.[2]

Although the court must accept all pleaded facts as true, however, it must also determine, using its "judicial experience and common sense," whether the facts alleged state a "plausible claim for relief." *Iqbal*, 556 U.S. at 679. Here, therefore, the bare allegation that the Village provided no

---

[1] (Dkt. No. 26, at 7.) The court did introduce the discussion of Markadonatos's due process claim by stating that "[t]he only question is therefore whether the procedures leading to the deprivation [of the $30 property interest] were sufficient." (Dkt. No. 26, at 4.) In context, however, the court meant that the question involved the procedures logically "leading to" the deprivation, not merely the procedures temporally "leading to" the deprivation. (*See id.* at 3 (explaining the applicable standard by referring to "the procedures attendant upon that deprivation" (citation and quotation marks omitted)).)

[2] Markadonatos also contends that he received no notice of the $30 booking fee. That argument is contradicted by his allegation that he received a receipt, which provides notice of the fee. (Am. Compl. ¶ 20 & Ex. C.)

predeprivation or postdeprivation hearing cannot obscure the reality that the Village of necessity provides some minimal process before charging the fee to arrestees, including Markadonatos. As the First Amended Complaint alleges, the Village charges the fee at the time of booking an arrestee into jail after an arrest. (*See* Am. Compl. ¶ 20 (stating that the fee was collected from Markadonatos "upon being booked"); *see also id.* ¶ 25 (stating that the fee was collected from other arrestees "under the same procedures used with Mr. Markadonatos")). Because the arrestee is necessarily present at the time of his or her post-arrest booking into jail, he or she would be able to point out any error that might occur if the booking fee were imposed erroneously.

Because the booking fee applies to all arrestees, regardless of the legality of their arrest or the disposition of their case, imposing the fee requires a Village employee to make only a simple determination, involving no discretion, that the arrestee has been arrested. Imagine, by some strange chance, that a Village employee who has the task of imposing the booking fee made an erroneous determination by identifying as an arrestee a non-arrested bystander—perhaps a family member or an attorney visiting an inmate— and attempting to charge that bystander the $30 booking fee. Were that strange event to occur, the non-arrested bystander could simply point out the mistaken identification and demonstrate that he or she is not arrested and is free to go. Certainly, when the non-arrested bystander leaves the jail's premises, the Village employee would be apprised that the bystander had not been arrested.[3] Accordingly, the process of charging the fee at the moment when the individual is booked into jail provides an adequate opportunity to be heard to prevent or rectify

---

[3] Were the Village police to take the bystander into custody, even if by mistake, the bystander would then be an "arrestee" obligated to pay the booking fee. Needless to say, the bystander would then have a false arrest claim in which he could recover his $30, along with much else. There would be, however, no procedural due process violation arising from the imposition of the $30 fee on the bystander, who had become, at that point, an arrestee.

any erroneous imposition of the $30 booking fee. Markadonatos therefore has failed to state a claim that he did not have adequate procedures available to him before the deprivation of his $30 through the imposition of the Village's booking fee.

II.     Substantive Due Process

Markadonatos also alleges that the booking fee is substantively unconstitutional under the due process clause. Specifically, he contends that it is unconstitutional to charge a booking fee to all arrestees, regardless of the legality of the arrest or the subsequent disposition of their case.

The Seventh Circuit and the Supreme Court have both "emphasized how limited the scope of the substantive due process doctrine is." *Dunn v. Fairfield Cmty. High Sch. Dist. No. 225*, 158 F.3d 962, 965 (7th Cir. 1998) (citing *Washington v. Glucksberg*, 521 U.S. 702 (1997)). Substantive due process protects only against "an abuse of government power which 'shocks the conscience.'" *Tun v. Whitticker*, 398 F.3d 899, 902 (7th Cir. 2005). The doctrine "is not 'a blanket protection against unjustifiable interferences with property.'" *Lee v. City of Chicago*, 330 F.3d 456, 467 (7th Cir. 2003) (quoting *Schroeder v. City of Chicago*, 927 F.2d 957, 961 (7th Cir. 1991)). Indeed, the protection of the substantive due process clause is so narrow that "only state action that impinges on fundamental rights is subject to evaluation under substantive due process." *Idris v. City of Chicago*, 552 F.3d 564, 566 (7th Cir. 2009).

Nonetheless, if a plaintiff has not alleged the violation of a fundamental right, courts have treated a substantive due process claim as a challenge under the rational-basis test that applies to all legislation. *See Lee*, 330 F.3d at 467. Accordingly, "[u]nless a governmental practice encroaches on a fundamental right, substantive due process requires only that the practice be rationally related to a legitimate government interest, or alternatively phrased, that the practice be neither arbitrary nor

irrational." *Id.* Moreover, when the alleged violation involves deprivation of a property interest, the court will not engage in the rational-basis review until a plaintiff first shows "'either the inadequacy of state law remedies or an independent constitutional violation.'" *Id.* (quoting *Doherty v. City of Chicago*, 75 F.3d 318, 323-26 (7th Cir. 1996)).

Here, it is plain that Markadonatos's property interest in the $30 booking fee is not a fundamental right. In *Idris*, the Seventh Circuit explained that there is no fundamental right involved in a small sum such as a $90 traffic fine. 552 F.3d at 566 ("[T]he Supreme Court has never held that a property interest so modest is a fundamental right."). The interest in a $30 fee is similarly modest, and certainly not a fundamental right. Markadonatos has not cited, nor has the court found, any authority to the contrary.

Even assuming that state remedies are inadequate or that Markadonatos had alleged an independent constitutional violation, the Village's policy plainly passes the rational basis test. Under the rational basis test, the court must ask if the Village's practice of charging the booking fee to all arrestees, regardless of the legality of the arrest or the disposition of their case, is arbitrary or irrational. At this point, however, Markadonatos's claim runs into a problem: the amended complaint does not allege that Markadonatos was arrested without probable cause, or that he was acquitted, released without being charged, or subject only to charges that were dismissed because they lacked merit.[4] Accordingly, he lacks standing to challenge the rationality of the Village's policy under the

---

[4] Markadonatos does allege that he received "supervision" for the charge of retail theft and that, upon completion of the supervision, his record will reflect a "not guilty" disposition of the charge. *See* 730 Ill. Comp. Stat. 5/5-6-3.1(f). Despite the ultimate disposition of "not guilty," an order for supervision under Illinois law requires either "a plea of guilty or a stipulation by the defendant of the facts supporting the charge or a finding of guilt," 730 ILCS 5/5-6-1(c), and thus reflects a determination that a charge has merit and that the defendant should be held responsible for his conduct. For present purposes, therefore, the disposition of Markadonatos's charge of retail

substantive due process clause as applied to arrestees in those groups. Instead, he may only challenge the rationality of the Village's policy as applied to arrestees who were arrested with probable cause, charged with crimes, and ultimately subjected to a conviction (or its equivalent) on those charges.

Charging a booking fee to those arrestees, however, is plainly rational, for the Village has a legitimate interest in defraying the cost of such arrests. Moreover, it is rational to share the costs of incarceration with those who through their actions necessitate that those costs be incurred. *See Sickles v. Campbell Cnty.*, 501 F.3d 726, 731 (6th Cir. 2007) (holding that sharing the costs of incarceration with offenders is a substantial government interest). Whatever concerns might come from sharing the costs of incarceration with those who are never convicted or with those who are arrested without probable cause do not, as stated above, arise in this case. The Village's booking fee procedure, as applied to Markadonatos, is thus rational, and Markadonatos has failed to state a claim for a substantive due process violation.

## CONCLUSION

For the reasons stated above, the Village's motion to dismiss [36] is granted. Civil case terminated.

ENTER:

*James F. Holderman*

JAMES F. HOLDERMAN

Chief Judge, United States District Court

Date: June 11, 2012

---

theft is equivalent to a conviction.